```
 1                IN THE UNITED STATES DISTRICT COURT

 2                      FOR THE DISTRICT OF HAWAII

 3
     KELI'I AKINA, et al.,        ) CIVIL NO. 15-00322JMS-BMK
 4                                )
              Plaintiffs,         ) Honolulu, Hawaii
 5                                ) September 11, 2015
         vs.                      ) 9:03 a.m.
 6                                )
     THE STATE OF HAWAII, et      ) STATUS CONFERENCE
 7   al.,                         )
                                  )
 8            Defendants.         )
                                  )
 9   _____

10                    TRANSCRIPT OF PROCEEDINGS
               BEFORE THE HONORABLE J. MICHAEL SEABRIGHT,
11                   UNITED STATES DISTRICT JUDGE

12   APPEARANCES:

13   For the Plaintiffs:       ROBERT D. POPPER, ESQ.
                               CHRIS FEDELI, ESQ.
14                             LAUREN M. BURKE, ESQ.
                               Judicial Watch, Inc.
15                             425 Third Street SW, Suite 800
                               Washington, DC  20024
16
                               H. CHRISTOPHER COATES, ESQ.
17                             Law Office of H. Christopher Coates
                               934 Compass Point
18                             Charleston, South Carolina  29412

19

20   For Defendants Na'i       WILLIAM MEHEULA, ESQ.
     Aupuni and The Akamai     Sullivan Lee Meheula, LLLP
21   Foundation:               745 Fort Street, Suite 800
                               Honolulu, Hawaii  96813
22

23   For Defendant             TROY J. H. ANDRADE, ESQ.
     Na'i Aupuni:              JESSICA M. WAN, ESQ.
24                             McCorriston Miller Mukai MacKinnon
                               Five Waterfront Plaza, 4th Floor
25                             500 Ala Moana Boulevard
                               Honolulu, Hawaii  96813
```

```
 1    APPEARANCES (Cont'd.):

 2    For Defendants              JORDON J. KIMURA, ESQ.
      Trustees, Office of         McCorriston Miller Mukai MacKinnon
 3    Hawaiian Affairs, in        Five Waterfront Plaza, 4th Floor
      their official              500 Ala Moana Boulevard
 4    capacities; Chief           Honolulu, Hawaii  96813
      Executive Officer,
 5    Office of Hawaiian
      Affairs, in his
 6    official capacity:

 7
      For Defendants State        DONNA H. KALAMA, ESQ.
 8    of Hawaii; Governor         GIRARD D. LAU, ESQ.
      Ige; the Native             ROBERT T. NAKATSUJI,
 9    Hawaiian Roll               Deputy Attorneys General
      Commissioners, in           Department of the Attorney
10    their official               General, State of Hawaii
      capacities; Executive       425 Queen Street
11    Director, Native            Honolulu, Hawaii  96813
      Hawaiian Roll
12    Commission, in his
      official capacity:
13

14

15

16

17

18

19

20                                Cynthia Fazio, RMR, CRR
      Official Court              United States District Court
21    Reporter:                   P.O. Box 50131
                                  Honolulu, Hawaii  96850
22

23

24

25    Proceedings recorded by machine shorthand, transcript produced
      with computer-aided transcription (CAT).
```

```
 1   FRIDAY, SEPTEMBER 11, 2015                              9:03 A.M.
 2             THE CLERK:  Civil Number 15-322JMS-BMK, Keli'i Akina,
 3   et al., versus State of Hawaii, et al.
 4             This case has been called for a status conference.
 5             Counsel, please make your appearances for the record.
 6             THE COURT:  We can start -- yes, go ahead on the
 7   telephone first.
 8             MR. POPPER:  For the plaintiff, this is Robert Popper
 9   for Judicial Watch.  And we're on speaker phone and I'm with
10   co-counsel Chris Fedeli and Lauren Burke.
11             THE COURT:  Okay.  Good morning.
12             MR. COATES:  And this is Christopher Coates and I am
13   one of the attorneys for the plaintiffs retained by Judicial
14   Watch.
15             THE COURT:  All right.
16             MR. COATES:  And I'm in Charleston, South Carolina.
17             THE COURT:  All right.  Well, good afternoon in your
18   time, good morning in our time.
19             All right.  Mr. Meheula, why don't we start with you
20   then.
21             MR. MEHEULA:  Good morning, Your Honor.  Bill Meheula
22   for --
23             THE COURT:  I'm sorry, let me interrupt.  You guys are
24   going to have to use the mikes because they won't be able to
25   hear on the phone if you're not using the mikes.  And you can
```

1   stay seated.  It's a lot easier -- it's uncomfortable for some
2   lawyers sometimes to stay seated.  I want this to be informal.
3   So please feel comfortable, sit down.  You're just going to
4   have to pass those mikes around though to make sure Mr. Popper
5   and Mr. Coates can hear you.
6              All right.  Mr. Meheula?
7              MR. MEHEULA:  Good morning, Your Honor.  Bill Meheula
8   for Na'i Aupuni and Akamai Foundation.
9              MR. ANDRADE:  Good morning, Your Honor.  Troy Andrade
10  and Jessica Wan on behalf of Na'i Aupuni.
11             THE COURT:  Okay.  Yes.
12             MR. KIMURA:  Good morning, Your Honor.  Jordon Kimura
13  on behalf of the Trustees of the Office of Hawaiian Affairs, in
14  their official capacity, as well as the Chief Executive
15  Officer, in his official capacity.
16             THE COURT:  All right.  Yes.
17             MS. KALAMA:  Good morning, Your Honor.  Deputy
18  Attorney General Donna Kalama, Solicitor General Gerard Lau and
19  Deputy Solicitor General Robert Nakatsuji for the State of
20  Hawaii; Governor Ige; the Native Hawaiian Roll Commissioners,
21  in their official capacity, and its Executive Director, in his
22  official capacity.
23             THE COURT:  All right.  And just to be clear, that
24  covers the universe of all the defendants; is that right?  I
25  mean we do have appearances by everybody now is my

```
 1   understanding when I looked at the docket.
 2              MR. MEHEULA:  Correct.
 3              THE COURT:  You agree with that?  Okay.  All right.
 4        So, a couple things that I want to cover, and please,
 5   I want this to be informal, I'm not -- I would have done this
 6   in chambers, but I knew there was going to be a lot of people
 7   and I didn't know how much media would show up, so I decided to
 8   do it in court.  And it's really just about scheduling.  I want
 9   to be clear.  I don't want to talk about substance today.  I
10   haven't studied this.  I'm not prepared to talk about
11   substance.  I really don't want to do that.  I don't want to go
12   down that road.  Okay.
13        But I do want to talk about timing because I read in
14   the paper, pulled it out -- for the record I'm reading some
15   "Native Hawaiian, Our Future, Your Vote" ad or insert that was
16   in the Star-Advertiser, I think on Sunday's Star-Advertiser at
17   least I saw it.  And I read that the ballots are to be sent to
18   voters certified by the Roll Commission on November 1.  I take
19   that to mean that's the date or the projected date for the
20   ballots to be mailed out.
21              MR. MEHEULA:  Correct.
22              THE COURT:  Is that right?
23              MR. MEHEULA:  Yes.  That's correct.
24              THE COURT:  Okay.  Is this in the actual mailing or is
25   it Internet voting, or both?
```

1          MR. MEHEULA:  It's going to be both.  It's going to be
2    for those voters who just submitted information by e-mail, then
3    they'll get an e-mail ballot.  Those that submitted information
4    by mail and e-mail, they'll get both.  And the ones that just
5    submitted a mail address, they'll just get it by mail.
6          THE COURT:  Okay.  All right.  So, when I first got
7    the Motion for Preliminary Injunction I set a hearing date of
8    October 26th, which is awfully close to November 1st.  And it
9    struck me after learning of this date that maybe we need to get
10   together and talk about moving up the hearing date, a little
11   bit at least.  We can't do it too much because you folks need
12   time to get your, on the defense side opposition and then the
13   plaintiffs of course will have a chance for a reply.  But I
14   thought moving it up at least two weeks and preferably one week
15   would make some sense.
16         So, I want to hear from you folks regarding your views
17   on that.  Part of it is my view.  I mean I don't want to be put
18   in a position where I'm rushed.  I want to be able to study
19   this, hear from you folks during argument.  If I want some
20   supplemental briefing, have a few days to get that.  That sort
21   of thing.  I really want to be able to study this in a
22   meaningful way.  And so I don't want to be put in a position
23   that I'm not ready to rule when the voting sort of rolls out if
24   you will, no pun intended.
25         So, I can hear from the plaintiffs.  I don't know,

 1   Mr. Popper, if you're going to take the lead on this.
 2             MR. POPPER:  Sure.  Your Honor, thank you.
 3             I would have no -- we have no objection to moving it
 4   up a week or two.  My thought was as follows:  Just so we all
 5   understand, while the balloting commences on November 1st, it
 6   concludes on December 1st.  And what's more is the dates that
 7   have been set forth are described in the contract that does set
 8   them forth as tentative dates.  I don't know, you know, the
 9   extent to which they can be moved, but it's -- the suggestion
10   at least is there that they could be.
11             And in addition, I guess we're not dealing -- because
12   we're not dealing with a regularly scheduled election and
13   there's not going to be an empty seat in Congress or a governor
14   who's held over, I imagine that there might be some flexibility
15   that way as well, and the defendants can speak to that.  But I
16   would have -- we would have no objection to moving the hearing
17   up in the manner you described.
18             THE COURT:  All right.  Mr. Meheula, why don't we
19   start with you and we can just sort of go around the table, I
20   can hear everyone's views on this.
21             MR. MEHEULA:  Very well, Your Honor.  Your Honor, the
22   November mail-out date is pretty firm.  I mean it would be
23   really difficult to change it.
24             My situation is I'm going to be out of the country
25   October 7th through the 18th.  I get back the evening of the

```
 1   18th.  So I could do it on Tuesday the 20th and thereafter.
 2            THE COURT:  All right.  I'm sorry, let me pull out my
 3   calendar here.
 4            All right.
 5            MR. ANDRADE:  Your Honor, we'll just take the same
 6   position as Bill, with Na'i Aupuni, that we're not opposed to
 7   moving it up.  Given Bill's schedule, probably the week before.
 8            THE COURT:  All right.  And it's Mr. Meheula here in
 9   court.  Okay?  Yes.  All right.
10            MR. KIMURA:  Thank you, Your Honor.  We'll also join
11   in the position taken by Mr. Meheula.  I think a limited --
12   limited advancing of the hearing might make sense, but not too
13   far would be our position.  Thank you.
14            MS. KALAMA:  Your Honor, our preference would be one
15   week if the Court is inclined to move it up rather than two
16   because we do want to have time to --
17            THE COURT:  It's a briefing issue for you folks too,
18   right?
19            MS. KALAMA:  Yes.
20            THE COURT:  I mean it's not just -- it's just not
21   about me, I understand that.  I understand.
22            MS. KALAMA:  Right.
23            THE COURT:  There's also briefing, I understand
24   there's personal commitments, I get all that and that's why I
25   wanted to get together.
```

```
 1              MS. KALAMA:  Yes.
 2              THE COURT:  And I have my own schedule I'm trying
 3   to -- and this will take priority, let me be clear on that.
 4   I'll move other things to give this priority because it needs
 5   that, it seems to me.  I'm not going to -- if all of you can
 6   agree on a date, if it doesn't work for me, I can move my
 7   schedule around to accommodate, I can manage that.
 8              You get back the evening of the 18th?
 9              MR. MEHEULA:  I do.
10              THE COURT:  Because one of the dates I was thinking of
11   is the 19th.  That probably would not make you very happy
12   though, Mr. Meheula, to fly in on the 18th and argue on the
13   19th, I take it.
14              MR. MEHEULA:  Yeah, I'm coming from Europe, so it's
15   kind of far.
16              THE COURT:  That is kind of far.
17              MR. MEHEULA:  Yeah.
18              THE COURT:  All right.  What if we scheduled a hearing
19   on October 20.  And Ms. Mizukami, if you could pull up -- I
20   have that Hawaiian Accessories criminal trial.
21                   (Court and clerk conferring.)
22              THE COURT:  They're going to request a continuance?
23   Okay.  All right.
24              Okay.  So October 20th we could do the argument.  We
25   say at 9:30?
```

```
 1            MR. MEHEULA:  That's good.  Thank you.
 2            THE COURT:  All right?
 3            MR. POPPER:  Yes, Your Honor.
 4            THE COURT:  As far as briefing now.  Again, I want
 5   some time when the briefing is complete to really study this
 6   and to really dig down, okay?  And again, like I say, I may
 7   come back and say help me with this or help me with that also.
 8            MR. MEHEULA:  Right.
 9            THE COURT:  So, here's my thought, which is the
10   opposition due September 30th, which is, it's a Wednesday, a
11   bit of a strange day, but September 30th and reply due
12   October 9th.  Any objection to those dates?
13            MR. MEHEULA:  None here, Your Honor.
14            MR. POPPER:  No, Your Honor.
15            MR. MEHEULA:  That works.
16            MR. KIMURA:  No objection, Your Honor.
17            MS. KALAMA:  No objection.
18            THE COURT:  All right.  I'm sorry, Mr. Popper, did you
19   say no objection to that as well?
20            MR. POPPER:  I did, Your Honor.  We have no objection,
21   October 9th and September 30.
22            THE COURT:  All right. So the -- now, the opposition
23   -- are you folks going to all file separate oppositions or are
24   you thinking of getting together and trying to do a uniform
25   opposition?  Or have you even discussed that yet?
```

1                MR. MEHEULA:  We haven't discussed that yet, but I'm
2     pretty sure that -- that at least Na'i Aupuni and Akamai
3     Foundation will be separate from the State's.
4                THE COURT:  Okay.
5                MS. KALAMA:  Our plan at this time is to file a
6     separate opposition.
7                THE COURT:  All right.  Okay.  So the hearing then
8     will be the 20th at 9:30.  September 30th oppositions are due,
9     replies by October 9th.
10               MR. MEHEULA:  Correct.
11               THE COURT:  Okay?
12               MR. MEHEULA:  Yes.
13               THE COURT:  And I'll set aside -- let's set aside the
14    whole morning.  I'm not going to give the whole morning for
15    argument necessarily, but I'll keep the morning clear, okay, so
16    we won't have a real time issue.  Okay.  I want to hear full
17    argument from you folks.
18               MR. POPPER:  Your Honor, this is Robert Popper.  May I
19    raise one other issue regarding the briefing?
20               THE COURT:  Yes.
21               MR. POPPER:  And it's my understanding of the local
22    rules that we're restricted to 4500 words per reply brief.  If
23    we're going to be receiving three briefs, I would respectfully
24    request that we be entitled to three times 4500 words.  Now, I
25    absolutely am not committing to using all those words, I'm just

1  saying that since we don't know what's going to be said, that
2  might be a fair way to do it and it would all be in one brief.
3           THE COURT:  All right.  I'd be inclined to give double
4  the amount, not triple the amount because I think there's going
5  to be a lot of -- I imagine a lot of these arguments are going
6  to be same.  That's why I was asking if you're planning to get
7  together as one.  I highly expect there will be a lot of
8  discussions among you folks and you're not going to just sort
9  of freelance as you put in your oppositions.  So I would be
10 inclined to double the length for the reply.
11          MR. MEHEULA:  And for all the briefs, Your Honor?
12          THE COURT:  Just back up a little bit.
13          No, no, what he's saying is, you folks are getting
14 three separate replies, he'd be limited in his word count or
15 page number.  And he's thinking because there are three
16 different replies he may have a hard time.  So I'm inclined to
17 go ahead and just lengthen his reply.
18          MR. MEHEULA:  That's fine, Your Honor.
19          THE COURT:  All right.
20          MR. LAU:  Your Honor, may I join?  This is Gerard Lau.
21          THE COURT:  Okay.  Way too loud.  Way too loud.
22          MR. LAU:  Your Honor, this is for the benefit of
23 telephone counsel.  This is Gerard Lau representing the State
24 defendants.
25          Because of the issue on injunctive relief, one of the

1    main issues is likelihood of success on the merits.  You know,
2    we feel that to be able to address adequately the opposition to
3    the preliminary injunction we would have to get into the merits
4    to a great extent.  And because of the complexity of the issues
5    in the case, because, for example, the Mancari Doctrine which
6    raises a lot of serious questions that the United States
7    Supreme Court in Rice left to another day, you know, we feel
8    that in order to address that whole doctrine and very complex
9    Native American, Native Hawaiian issues involved in this case,
10   along with the nine counts that plaintiffs have raised, that we
11   would need a substantial -- we would hope to have a substantial
12   increase in the word limit from, I guess right now the word
13   limit is 9,000, and --
14              THE COURT:  I'm not going to give you that, Mr. Lau.
15   We need to get this done.  I'm not going to have time to read
16   and study briefs that are, you know, 20,000, three 20,000-page
17   briefs.  Figure it out.
18              MR. LAU:  Okay.
19              THE COURT:  Okay?
20              MR. LAU:  Thank you.
21              MR. MEHEULA:  Yes, Your Honor.
22              THE COURT:  Now, if you folks want to get together and
23   do a joint brief, I think it would be fair for you to ask for
24   some -- for more pages.  I'd prefer a joint brief.  Let me be
25   clear.

```
 1              MR. MEHEULA:  Okay.  Okay.
 2              THE COURT:  I'd prefer a joint brief.  I'd prefer one
 3   as opposed to three.
 4              MR. MEHEULA:  So if we did -- so could we have the
 5   choice of three 9,000's, or one 27?
 6              THE COURT:  I don't know that I'd say 27, Mr. Meheula.
 7              MR. MEHEULA:  Okay.
 8              THE COURT:  But I'd be willing at least to double it,
 9   I think, if you did one brief.
10              MR. MEHEULA:  Okay.  So we'll do one or the other,
11   Your Honor.
12              THE COURT:  Okay?
13              MR. MEHEULA:  Thank you.
14              THE COURT:  So I'll put that in the minutes, okay.  So
15   I'm giving you the option, one brief at double the word count
16   or three briefs at the word count.  Okay?
17              MR. MEHEULA:  Thank you, Your Honor.  Understood.
18              THE COURT:  All right?  And then I will in the reply
19   double the word count or page count in the reply.
20              MR. POPPER:  Understood, Your Honor.
21              THE COURT:  All right?  Anything else then that we --
22   anyone wants to cover as a preliminary matter?
23              MR. MEHEULA:  No, Your Honor.
24              MR. POPPER:  Nothing for the plaintiffs, Your Honor.
25              THE COURT:  I'll take the rest of everyone's silence
```

```
 1   as no.  Okay.  Thank you all very much.
 2              THE LAW CLERK:  Judge.
 3              THE COURT:  Oh, testimony.  Is that what you wanted?
 4         My law clerk is reminding me.  I was going to ask --
 5   are you still there, Mr. Popper?
 6              MR. POPPER:  I am.  We are.
 7              THE COURT:  Okay.  Good.  Does anyone intend to put on
 8   testimony or will all of this be by written submission?  Is
 9   there a view yet as to that?
10              MR. MEHEULA:  I think I intended written submission.
11              THE COURT:  Without testimony, is what I'm getting at.
12              MR. MEHEULA:  Yes, Your Honor.
13              MS. KALAMA:  Yes, Your Honor, written submissions
14   only.
15              MR. ANDRADE:  Yes.
16              MR. KIMURA:  That's correct, Your Honor.
17              THE COURT:  All right.  And from the plaintiffs, is
18   that your view as well?
19              MR. POPPER:  Yes, Your Honor, on the reply we would
20   submit written submission.
21              THE COURT:  I'm sorry, I didn't hear that.
22              MR. POPPER:  On reply we would only submit written
23   declarations.
24              THE COURT:  Well, what I'm getting at is, I understand
25   that.  I just want to make sure I'm setting --
```

```
 1            MR. MEHEULA:  For the hearing.
 2            THE COURT:  For the hearing setting the time
 3  necessary.  And so as I understand it, nobody intends to call
 4  witnesses.  If that view changes, make sure you contact my
 5  chambers or Ms. Mizukami and let her know so that I can
 6  schedule-wise make sure we can accommodate that.  Okay?
 7            MR. MEHEULA:  Understood.
 8            MR. POPPER:  Right, Your Honor, we do not intend to
 9  call witnesses at the hearing.
10            THE COURT: All right.  All right.  Okay.  Thank you
11  all very much.
12            (The proceedings concluded at 9:19 a.m.,
13  September 11, 2015.)
14
15
16
17
18
19
20
21
22
23
24
25
```

```
 1                 COURT REPORTER'S CERTIFICATE
 2
 3          I, CYNTHIA FAZIO, Official Court Reporter, United
 4   States District Court, District of Hawaii, do hereby certify
 5   that pursuant to 28 U.S.C. §753 the foregoing pages is a
 6   complete, true, and correct transcript of the stenographically
 7   reported proceedings held in the above-entitled matter and that
 8   the transcript page format is in conformance with the
 9   regulations of the Judicial Conference of the United Stated.
10
            DATED at Honolulu, Hawaii, September 11, 2015.
11
12
13                        /s/ Cynthia Fazio
                          CYNTHIA FAZIO, RMR, CRR
14
15
16
17
18
19
20
21
22
23
24
25
```