# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KELI'I AKINA, et al.,<br><br>  Plaintiffs,<br><br>v.<br><br>STATE OF HAWAII, et al.,<br><br>  Defendants,<br><br>and<br><br>JOSIAH L. HOOHULI, et al.,<br><br>  Intervenor-Defendants. | Case 1:15-CV-00322-JMS-BMK<br><br>DECLARATION OF JOSIAH L. HOOHULI |

## DECLARATION OF JOSIAH L. HOOHULI

JOSIAH L. HOOHULI, pursuant to 28 U.S.C. § 1746, under penalty of perjury, and deposes and says as follows:

1. I am one of the parties attempting to intervene in the above-captioned matter.

2. I am a U.S.M.C. Veteran.

3. I am pure blood native Hawaiian, and homestead lessee.

4. I was raised on his mother's homestead, who received her lease in 1930.

5. I have lived my entire life on the Hawaiian homestead, except for two years in California while in the service, but served two years in the USMC in Hawaii, when

I resided upon my homestead.

6. I have significant cultural, social, and civic connections with the native Hawaiian community.

7. My main interest is full implementation of the HHCA, rehabilitation and self-determination of native Hawaiians, use of § 5(f) monies to benefit native Hawaiians and to settle the homelands.

8. I strongly object to the inclusion of Hawaiians having less that one-half part of the blood participating in the organization of any entity purporting to represent native Hawaiians of the blood.

9. I support the right of native Hawaiians to self-determination, in particular to their right to determine for themselves the blood quantum necessary for membership in any native Hawaiian governing entity.

10. I opposed the State of Hawaii creating OHA in 1978, giving OHA § 5(f) monies, while OHA does not help fund the HHCA.

11. I believe native Hawaiian beneficiaries should be in charge of their own money so that it can be used for native Hawaiian economic independence, self-sufficiency and rehabilitation upon the homelands.

12. I am a founding member of Ho'ala Kanawai, Inc, that was formed in about 1975, and is significant because it was an educational agency charged to educate native Hawaiians about § 5(f) of the Admission Act, and also to be the entity for

native Hawaiians.

13. On December 1, 2001, I along with three other Intervenors, Ka Lahui Hawaii and the Anahola Homesteaders Association filed a complaint in the U.S. District Court for the District of Hawaii, Civil No. 01-817, against Gale Norton, Secretary of the Department of the Interior, seeking to establish the right of native Hawaiians to organize themselves into sovereign tribal entities, as provided in the Indian Reorganization Act of 1934, 25 U.S.C., § 461 et seq., but excluded from doing so by 25 C.F.R. § 83.1.

14. On October 13. 2005, I along with the other Intervenors filed a complaint against the Trustees of the Office of Hawaiian Affairs, in the U.S. District Court for the District of Hawaii, Civil No. 05-649 seeking to prevent OHA from expending proceeds of the § 5(f) trust for the benefit of Hawaiians without regard to the not less than one-half part of the blood as defined by the HHCA, based upon §§ 4 and 5(f) of the Hawaii Admission Act.

15. In January, 2009, I along with the other Intervenors filed an amicus brief in the United States Supreme Court in *State of Hawaii v. Office of Hawaiian Affairs*, No. 07-1372.

16. In that case, OHA was attempting to prevent the sale of § 5(f) lands by the State of Hawaii purportedly on the grounds of claims by native Hawaiians. In our brief we took the position that OHA was making claims on behalf of Hawaiians

without regard to the not less than one-half part blood quantum in the HHCA and § 5(f), and that OHA's argument was valid only if the blood quantum were restricted to not less than one-half part.

17. On March 23, 2011, I along with the other Intervenors filed a complaint against the Trustees of the Office of Hawaiian Affairs, in the Circuit Court of the First Circuit, State of Hawaii, Civil No. 11-1-575, seeking to prevent OHA from expending proceeds of the § 5(f) trust for the benefit of Hawaiians without regard to the not less than one-half part of the blood as defined by the HHCA, based upon state law.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 23 day of September, 2015, at Nānākuli, Hawaii.

JOSIAH L. HOOHULI