# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KELI'I AKINA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> STATE OF HAWAII, et al., <br><br> Defendants, <br><br> and <br><br> SAMUEL L. KEALOHA, JR., et al., <br><br> Intervenor-Defendants. | Case 1:15-CV-00322-JMS-BMK <br><br> DECLARATION OF PATRICK L. KAHAWAIOLAA |

## DECLARATION OF PATRICK L. KAHAWAIOLAA

PATRICK L. KAHAWAIOLAA, pursuant to 28 U.S.C. § 1746, under penalty of perjury, and deposes and says as follows:

1. I am one of the parties attempting to intervene in the above-captioned matter.

2. I am a U.S. Navy Vietnam-Era veteran, born in Hilo, Hawaii to Rose Mauna Dart from Hana, Maui and Antone Joseph Kahawaiolaa Sr. from Kaipaia, Kauai.

3. I was born and raised on Hawaiian Home lands at Kuhio Settlement in Keaukaha, Hawaii.

4. In 1934, my mother was a lessee of lot 248 Kuhio Settlement in Keaukaha,

which is the second residential homestead created under HHCA.

5. Upon her death in 1950 her spouse, my Dad, Antone J. Kahawaiolaa Sr. was awarded lot 248 in Keaukaha as a successor and upon his demise in 1979, I, Patrick L. Kahawaiolaa, the youngest son was awarded lot 248 in Keaukaha.

6. I am a "native Hawaiian" as defined in Section 201(a) of the HHCA, in that I am a descendant of not less than one-half part of the blood of the races inhabiting the Hawaiian Islands previous to 1778.

7. I have significant cultural, social, and civic connections with the native Hawaiian community.

8. I have served as Homestead Association officer in various capacities, the latest as President of the Keaukaha Hawaiian Homestead Association for approximately the last six (6) years.

9. My main interest is full implementation of the HHCA, rehabilitation and self-determination of native Hawaiians, use of § 5(f) monies to benefit native Hawaiians and to settle the homelands.

10. I strongly object to the inclusion of Hawaiians having less that one-half part of the blood participating in the organization of any entity purporting to represent native Hawaiians of the blood.

11. On December 1, 2001, I along with three other Intervenors, Ka Lahui Hawaii and the Anahola Homesteaders Association filed a complaint in the U.S.

District Court for the District of Hawaii, Civil No. 01-817, against Gale Norton, Secretary of the Department of the Interior, seeking to establish the right of native Hawaiians to organize themselves into sovereign tribal entities, as provided in the Indian Reorganization Act of 1934, 25 U.S.C., § 461 et seq., but excluded from doing so by 25 C.F.R. § 83.1.

12. On October 13, 2005, I along with the other Intervenors filed a complaint against the Trustees of the Office of Hawaiian Affairs, in the U.S. District Court for the District of Hawaii, Civil No. 05-649 seeking to prevent OHA from expending proceeds of the § 5(f) trust for the benefit of Hawaiians without regard to the not less than one-half part of the blood as defined by the HHCA, based upon §§ 4 and 5(f) of the Hawaii Admission Act.

13. In January, 2009, I along with the other Intervenors filed an amicus brief in the United States Supreme Court in *State of Hawaii v. Office of Hawaiian Affairs*, No. 07-1372.

14. In that case, OHA was attempting to prevent the sale of § 5(f) lands by the State of Hawaii purportedly on the grounds of claims by native Hawaiians. In our brief we took the position that OHA was making claims on behalf of Hawaiians without regard to the not less than one-half part blood quantum in the HHCA and § 5(f), and that OHA's argument was valid only if the blood quantum were restricted to not less than one-half part.

15. On March 23, 2011, I along with the other Intervenors filed a complaint against the Trustees of the Office of Hawaiian Affairs, in the Circuit Court of the First Circuit, State of Hawaii, Civil No. 11-1-575, seeking to prevent OHA from expending proceeds of the § 5(f) trust for the benefit of Hawaiians without regard to the not less than one-half part of the blood as defined by the HHCA, based upon state law.

16. In 1983, I applied and received a replacement home loan from the Department of Hawaiian Home Lands (DHHL) of $28,000 at 8 ¾% interest to replace the original home awarded to my Mom in 1934.

17. On or about October 1986 I, through a NOTICE to the DHHL, OBJECTED and asked if they were willing to reconsider the interest rate of 8 ¾% for my mortgage to 2 ½% for a "replacement home loan" as authorized pursuant to the HHCA, 1920.

18. Said Notice informed the DHHL I was going to pay a sum of $10.00 a month until the matter with the interest rate was resolved.

19. For approximately 7-8 years the DHHL accepted and acknowledged my protest payments of $10.00 a month.

20. On or about the same time frame I OBJECTED to the DHHL that pursuant to the HHCA, 1920, section 221, that water to the tract the Hawaiian Homes Commission was authorized to provide sufficient water for domestic use "FREE OF ALL CHARGES".

21. On or about the same time frame I OBJECTED by Notice to the DHHL and

-4-

Kahawaiolaa HHCA, 1920 section 206.

26. The State's case against native Hawaiian defendants in County of Hawaii v. Kahawaiolaa et al., for Theft of Government Service (cementing of the evidence of fraud (water meters) was dismissed by Judge Sandra Schutte with prejudice (cannot be charged again).

27. I and my family were illegally evicted from my home in Keaukaha, Lot 248 on or about 2003 by a writ of possession for failure to pay my mortgage, and NEVER compensated for lost of ALL belongings and paid for difference after home was resold but knowing full well the DHHL was still taking my protest payments of $10.00 a month until the matter could be resolved by amending my lease documents and by lowering the interest rates for a replacement home loan according to the HHCA, 1920.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this _____ day of September, 2015, at _____, Hawaii.

PATRICK L. KAHAWAIOLAA