WALTER R. SCHOETTLE, A LAW CORP.

WALTER R. SCHOETTLE   1559
1088 Bishop St., Suite 1304
P. O. Box 596
Honolulu, Hawaii   96809-0596
Telephone: 537-3514
Fax: 924-1548
email: papaaloa@umich.edu

Attorney for Intervenor-Defendants
SAMUEL L. KEALOHA, JR., *et al.*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KELI'I AKINA, *et al.*,<br><br>    *Plaintiffs,*<br><br>            v.<br><br>STATE OF HAWAII, *et al.*,<br><br>    *Defendants,*<br><br>        and<br><br>SAMUEL L. KEALOHA, JR., VIRGIL E. DAY, JOSIAH L. HOOHULI, PATRICK L. KAHAWAIOLAA and MELVIN HOOMANAWANUI,<br><br>    *Intervenor-Defendants.* | Case 1:15-CV-00322-JMS-BMK<br><br>CROSSCLAIM |

1

# Exhibit "B"

## CROSSCLAIM

Come now *Intervenor-Defendants,* SAMUEL L. KEALOHA, JR., VIRGIL E. DAY, JOSIAH L. HOOHULI, PATRICK L. KAHAWAIOLAA and MELVIN HOOMANAWANUI, through their undersigned counsel, pursuant to Fed.R.Civ.Proc., Rule 13(g), and for crossclaim against Defendants, DAVID Y. IGE, in his official capacity as Governor of the State of Hawaii; ROBERT K. LINDSEY JR., Chairperson, Board of Trustees, Office of Hawaiian Affairs, in his official capacity; COLETTE Y. MACHADO, PETER APO, HAUNANI APOLIONA, ROWENA M.N. AKANA, JOHN D. WAIHE'E IV, CARMEN HULU LINDSEY, DAN AHUNA, LEINA'ALA AHU ISA, Trustees, Office of Hawaiian Affairs, in their official capacities; KAMANA' OPONO CRABBE, Chief Executive Officer, Office of Hawaiian Affairs, in his official Capacity; JOHN D. WAIHE'E III, Chairman, Native Hawaiian Roll Commission, in his official Capacity; NÃ'ÃLEHU ANTHONY, LEI KIHOI, ROBIN DANNER, also known as ROBIN PUANANI DANNER, MÃHEALANI WENDT, also known as MÃHEALANI PEREZ-WENDT, Commissioners, Native Hawaiian Roll Commission, in their official capacities; CLYDE W. NÃMU'O, Executive Director, Native Hawaiian Roll Commission, in his official capacity; THE AKAMAI FOUNDATION; and THE NA'I AUPUNI FOUNDATION, allege and aver as follows:

## JURISDICTION

1. Jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. § 1343. This is a claim seeking relief under Title 42 U.S.C. § 1983 and Title 28 U.S.C. § 2201. The rights sought to be secured in this claim are rights of Intervenor-Defendants as native Hawaiian special beneficiaries of the compact and trust imposed by §§ 4 and 5(f), Act of March 18, 1959, Pub.L. 86-3, 73 Stat. 4 (Admission Act) upon certain lands granted by the United States to the State of Hawaii by §§ 5(b) and 5(e) of the Admission Act and as beneficiaries of the Hawaiian Homes Commission Act, 1920, Pub.L. 67-34, 42 Stat. 108 (1921), as amended ("HHCA").

## PARTIES

2. *Intervenor-Defendants* are all native Hawaiians ("native Hawaiians") as defined by § 201(a) of HHCA, in that they are all descendants of not less than one-half part of the blood of the races inhabiting the Hawaiian Islands, prior to 1778. Hereafter the term "native Hawaiians" refers to aboriginal Hawaiians with not less than one-half part of the blood. The term "Hawaiians" refers to aboriginal Hawaiians without regard to blood quantum. The term "non-native Hawaiians" refers to Hawaiians with less than one-half part of the blood.

3. Defendant, DAVID Y. IGE, is the duly elected and acting governor of the State of Hawaii, being sued herein in his said official capacity, for declaratory and prospective injunctive relief.

4. Defendant ROBERT K. LINDSEY JR., is the Chairperson of the Board of Trustees of the Office of Hawaiian Affairs ("OHA"), and is being sued in his official capacity. OHA is a department of the State of Hawaii, and has basic responsibilities relating to the maintenance of a Roll of Hawaiians eligible to vote in an election ("Hawaiian Election") as provided by Act 195, 2011 Legislative Session (codified in chapter 10H, Hawaii Revised Statutes) ("Act 195"), §§ 4 and 5, including, but not limited to, responsibility for funding the Native Hawaiian Roll Commission ("NHRC") and for cooperating with it in the performance of its duties.

5. Defendants COLETTE Y. MACHADO, PETER APO, HAUNANI APOLIONA, ROWENA M.N. AKANA, JOHN D. WAIHE'E IV, CARMEN HULU LINDSEY, DAN AHUNA, and LEINA'ALA AHU ISA are the other Trustees of OHA. Defendant KAMANA'OPONO CRABBE is the Chief Executive Officer of OHA. These defendants are being sued in their official capacities.

6. Defendant JOHN D. WAIHE'E III is the Chairman of the NHRC, and is being sued in his official capacity. The NHRC was established by Act 195 to be the agency most directly responsible for preparing and maintaining the Roll and for certifying that voters who register for the Roll meet its requirements. H.R.S. § 10H-3.

7. Defendant NÃ'ÃLEHU ANTHONY is the Vice-Chairman and a Commissioner, and Defendants LEI KIHOI, ROBIN DANNER, AND MAHEALANI WENDT are the other Commissioners, of the NHRC. Defendant CLYDE W.

NĀMU'O is the Executive Director of the NHRC. These defendants are being sued in their official capacities.

8. Defendant THE AKAMAI FOUNDATION ("AF") is, on information and belief, a 501(c)(3) nonprofit organization existing under the laws of the State of Hawaii, with its principal place of business in the District of Hawaii. AF has entered into contracts with OHA and THE NA'I AUPUNI FOUNDATION pursuant to which OHA agreed to provide about $2.6 million to AF, which AF in turn agreed to grant to THE NA'I AUPUNI FOUNDATION to conduct the Hawaiian Election in which voters registered on the Roll will elect delegates to a constitutional convention.

9. Defendant THE NA'I AUPUNI FOUNDATION ("NAF") is, on information and belief, a domestic, nonprofit organization, with its principal place of business in the District of Hawaii. On information and belief, NAF was created for the sole purpose of conducting the Hawaiian Election in which those voters who are registered on the Roll will elect delegates to a constitutional convention to draft a constitution for a Hawaiian Governing Entity, as provided by Act 195 ("Entity").

## CROSSCLAIM

10. Crossclaim Defendants are using income and proceeds from the trust established by § 5(f) of the Hawaii Admission Act for the purpose of conducting the Hawaiian Election of delegates to a constitutional convention for the Entity as authorized by Chapter 10H of the Hawaii Revised Statutes.

11. The purpose of this Entity as set forth in H.R.S. § 10H-2 is, in part, to deal "matters pursuant to law that relate, or affect ownership, possession, or use of lands" by Hawaiian people.

12. The Entity is intended for Hawaiians to analogous to and serve a similar function as a recognized tribal status for Indians .

13. Act 195 and Chapter 10H do not impose any blood quantum as a qualification for participation in the election and Entity.

14. Under federal law, only Indians having at least one-half part Indian blood are permitted to seek recognition with the U.S. Department of the Interior as an Indian tribe.

15. Under federal law, once established an Indian tribe has authority to set for itself the requirements for membership and participation in the tribe.

16. The omission of a blood quantum for participation in the Hawaiian Election is a racial discrimination which is not narrowly tailored to serve a compelling governmental interest.

17. The establishment of this Entity without a blood quantum as a tribal entity for Hawaiians is a discrimination which is not narrowly tailored to serve a compelling governmental interest.

18. There is no rational basis for the omission of a blood quantum for the Hawaiian Election and the establishment of the Entity without a blood quantum as a

tribal entity for Hawaiians.

19. The omission of a blood quantum for the Hawaiian Election and the establishment of this Entity without a blood quantum as a tribal entity for Hawaiians is contrary to law and in violation of Intervenor-Defendants' right to Equal Protection guaranteed to them by the Fourteenth Amendment to the United States Constitution.

20. The expenditure of proceeds and income from the § 5(f) trust to implement the formation of an illegal entity is a violation of the trust established by § 5(f) of the Admission Act.

21. Intervenor-Defendants are without an adequate remedy at law.

22. Intervenor-defendants are entitled to declaratory relief providing that Chapter 10H of the Hawaii Revised Statutes and the establishment of the Entity without a blood quantum is a violation of their Fourteenth Amendment rights to Equal Protection.

23. Intervenor-Defendants are entitled to injunctive relief enjoining and restraining the expenditure of income and proceeds from the § 5(f) trust for the purpose of establishing the Entity, including the payment of attorneys' fees for its defense.

24. Intervenor-Defendants are entitled to injunctive relief enjoining and restraining the Hawaiian Election and the establishment of the Entity.

## **PRAYER FOR RELIEF**

Wherefore Intervenor-Defendants respectfully pray that this Court:

a. Grant declaratory relief providing that Chapter 10H of the Hawaii Revised Statutes and the establishment of the Entity without a blood quantum is a violation of Intervenor-Defendants' Fourteenth Amendment rights to Equal Protection.

b. Grant injunctive relief enjoining and restraining the expenditure of income and proceeds from the § 5(f) trust for the purpose of holding the Hawaiian Election or otherwise establishing the Entity, including the payment of attorneys' fees for its defense.

c. Grant injunctive relief enjoining and restraining the Hawaiian Election and the establishment of the Entity.

d. Award Intervenor-Defendants reasonable attorneys' fees incurred herein, including litigation expenses and costs, pursuant to 42 U.S.C. § 1988;

e. Grant such other and further relief as the Court deems just and proper.

Dated: Honolulu, Hawaii, _____.

 

WALTER R. SCHOETTLE,
Attorney for Intervenor-Defendants,
SAMUEL L. KEALOHA, JR., VIRGIL E. DAY, JOSIAH L. HOOHULI, PATRICK L. KAHAWAIOLAA and MELVIN HOOMANAWANUI

8