# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KELI'I AKINA, *et al.,*  *Plaintiffs,*  v.  STATE OF HAWAII, *et al.*,  *Defendants,*  and  SAMUEL L. KEALOHA, JR., *et al*,  *Intervenor-Defendants*. | Case 1:15-CV-00322-JMS-BMK  DECLARATION OF VIRGIL E. DAY |

## DECLARATION OF VIRGIL E. DAY

VIRGIL E. DAY, pursuant to 28 U.S.C. § 1746, under penalty of perjury, and deposes and says as follows:

1. I am one of the parties attempting to intervene in the above-captioned matter.

2. I am a 71 year old U.S. Army Vietnam-Era veteran.

3. I am a "native Hawaiian" as defined in Section 201(a) of the Hawaiian Homes Commission Act, in that I am a descendant of not less than one-half part of the blood of the races inhabiting the Hawaiian Islands previous to 1778.

4. I applied for Hawaiian homestead in l976 at Keaukaha Hawaiian Homes.

5. In l984 I went to check on my application and was told that I had to reapply that the department couldn't find my original application.

6. I joined a lawsuit with Hawaiian Legal Corporation which was never resolved.

7. In the eighties a handful of would be lessees came up with a master community plan for Kahikinui.

8. In l999 l was awarded my lease at Kahikinui Hawaiian Homestead.

9. Because Hawaiian Homes did not have money for infra structure, I was given an unimproved lot, 4 wheel drive unimproved road and water catchment and solar, wind or generator for electric. Kahikinui became Hawaiian homes first off grid community.

10. Unimproved roads tend to be a major issue in getting my adopted grandchild and my court ordered custodial grandchild to school on rainy days.

11. Hawaiian homes was supposed to help improve the roads and have not.

12. I belong to Ka 'Ohana O Kahikinui, Inc. Community Association.

13. Two years ago the Community Association put in for monetary help from the Department of Hawaiian Homes to help fix our existing road, we were told that they had the money to fix it; but we are still waiting for the fix.

14. The community also put in a grant for water tanks for our community from OHA, but OHA denied spending any of the § 5(f) monies on our community.

15. About two years ago Ka ʻOhana O Kahikinui, Inc started negotiations with a wind mill company to use our lands that are part of our community and Hawaiian homes came in and took the negotiations away from us because they want the money generated.

16. If the community had gotten the money it was to be used to complete our roads.

17. I strongly object to the inclusion of Hawaiians having less that one-half part of the blood participating in the organization of an entity purporting to represent native Hawaiians of the blood.

18. On December 1, 2001, I along with three other Intervenors, Ka Lahui Hawaii and the Anahola Homesteaders Association filed a complaint in the U.S. District Court for the District of Hawaii, Civil No. 01-817, against Gale Norton, Secretary of the Department of the Interior, seeking to establish the right of native Hawaiians to organize themselves into sovereign tribal entities, as provided in the Indian Reorganization Act of 1934, 25 U.S.C., § 461 et seq., but excluded from doing so by 25 C.F.R. § 83.1.

19. On October 13, 2005, I along with the other Intervenors filed a complaint against the Trustees of the Office of Hawaiian Affairs, in the U.S. District Court for the District of Hawaii, Civil No. 05-649 seeking to prevent OHA from expending proceeds of the § 5(f) trust for the benefit of Hawaiians without regard to the not less

than one-half part of the blood as defined by the HHCA, based upon §§ 4 and 5(f) of the Hawaii Admission Act.

20. In January, 2009, I along with the other Intervenors filed an amicus brief in the United States Supreme Court in *State of Hawaii v. Office of Hawaiian Affairs*, No. 07-1372.

21. In that case, OHA was attempting to prevent the sale of § 5(f) lands by the State of Hawaii purportedly on the grounds of claims by native Hawaiians. In our brief we took the position that OHA was making claims on behalf of Hawaiians without regard to the not less than one-half part blood quantum in the HHCA and § 5(f), and that OHA's argument was valid only if the blood quantum were restricted to not less than one-half part.

22. On March 23, 2011, I along with the other Intervenors filed a complaint against the Trustees of the Office of Hawaiian Affairs, in the Circuit Court of the First Circuit, State of Hawaii, Civil No. 11-1-575, seeking to prevent OHA from expending proceeds of the § 5(f) trust for the benefit of Hawaiians without regard to the not less than one-half part of the blood as defined by the HHCA, based upon state law.

23. I am currently the lessee of our home and property under the DHHL program.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 21st day of September, 2015, at _____, Hawaii.

 

_____

VIRGIL E. DAY