IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KELI'I AKINA, KEALII MAKEKAU, JOSEPH KENT, YOSHIMASA SEAN MITSUI, PEDRO KANA'E GAPERO, and MELISSA LEINA'ALA MONIZ,<br><br>      Plaintiffs,<br>  vs.<br><br>THE STATE OF HAWAII; GOVERNOR DAVID Y. IGE, in his official capacity; ROBERT K. LINDSEY JR., Chairperson, Board of Trustees, Office of Hawaiian Affairs, in his official capacity; COLETTE Y. MACHADO, PETER APO, HAUNANI APOLIONA, ROWENA M.N. AKANA, JOHN D. WAIHE'E IV, CARMEN HULU LINDSEY, DAN AHUNA, LEINA'ALA AHU ISA, Trustees, Office of Hawaiian Affairs, in their official capacities; KAMANA'OPONO CRABBE, Chief Executive Officer, Office of Hawaiian Affairs, in his official Capacity; JOHN D. WAIHE'E III, Chairman, Native Hawaiian Roll Commission, in his official Capacity; NĀ'ĀLEHU ANTHONY, LEI KIHOI, ROBIN DANNER, MĀHEALANI WENDT, Commissioners, Native Hawaiian Roll Commission, in their official capacities; CLYDE W. NĀMU'O, Executive Director, Native Hawaiian Roll Commission, in his official capacity; THE AKAMAI FOUNDATION; and THE NA'I AUPUNI FOUNDATION; and DOE DEFENDANTS 1-50,<br>      Defendants. | CIVIL NO: 15-00322 BMK<br><br>MEMORANDUM OF LAW IN SUPPORT OF MOTION TO VOLUNTARILY DISMISS COMPLAINT |

## MEMORANDUM IN SUPPORT OF MOTION

By this motion, plaintiffs seek to voluntarily dismiss the complaint in this action (ECF No. 1) without prejudice and without further terms and conditions pursuant to Fed. R. Civ. P. 41(a)(2).

## Background

Plaintiffs are registered voters who raised constitutional and statutory challenges to the use of a voter roll, prepared and kept by Defendants, that was restricted on the basis of race and viewpoint.  Among other relief, Plaintiffs sought "preliminary and permanent relief enjoining the use of the" voter roll "and the calling, holding, or certifying of any election utilizing" that roll.  ECF No. 1 at 32.  At the time the complaint was filed, Defendant Na'i Aupuni planned to hold an election of "delegates to a proposed constitutional convention, the intended purpose of which is to choose a form of government" for a Native Hawaiian entity.  *Id.* at 1.  Defendants also anticipated a subsequent "referendum to ratify any recommendation of the delegates arising out of the" convention.  *Id.* at 15.

On August 28, 2015, plaintiffs moved for a preliminary injunction in this Court (ECF. 47), which was denied on October 23, 2015.  ECF No. 103.

On October 26, 2015, plaintiffs filed their Notice of Appeal (ECF No. 106), and on October 29, 2015, filed an Urgent Motion for an Injunction While Appeal is Pending in the U.S. Court of Appeals for the Ninth Circuit.  No. 15-17134, Dkt.

Entry 9-1.  A motions panel for the Ninth Circuit denied that motion on November 19, 2015.  ECF No. 122.

Plaintiffs then applied to Justice Kennedy of the United States Supreme Court for an emergency injunction under the All Writs Act.  Justice Kennedy granted an injunction and referred the application to the full Court.  On December 2, 2015, the Supreme Court granted plaintiffs' application, enjoining defendants "from counting the ballots cast in, and certifying the winners of, the election described in the application, pending final disposition of the appeal by the United States Court of Appeals for the Ninth Circuit."  ECF No. 123.

Two weeks later, on December 15, 2015, Na'i Aupuni issued a press release stating that it had "terminated the Native Hawaiian election process" for delegates.[1]  That press release explained that, given "delays caused by the ongoing litigation . . . it was decided that the most effective route . . . would be to offer to convene all of the remaining delegate candidates and allow them to an opportunity to organize Hawaiians and achieve self-governance."  *Id.*  That same press release announced that Na'i Aupuni "will go forward with a four-week-long 'Aha [convention] in February" and that "[a]ll 196 Hawaiians who ran as candidates will be offered a seat as a delegate to the 'Aha to learn about, discuss and hopefully reach a consensus on a process to achieve self-governance."  *Id.*

---

[1]    Available online at http://www.naiaupuni.org/docs/NewsRelease-NaiAupuniTerminatesElectionProcess-121515.pdf.

2

Briefing before the Ninth Circuit Court of Appeals was completed when Plaintiffs filed their reply brief on February 19, 2016. No. 15-17134, Dkt. Entry 84. Among other things, Plaintiffs argued in that brief that the appeal was not moot because Na'i Aupuni planned to hold a ratification vote for any constitution adopted at the convention.

The convention of all Native Hawaiians who previously ran as candidates did take place, in February 2016. On February 26, 2016, those attending the convention adopted a proposed constitution for a Native Hawaiian entity.[2]

On March 16, 2016, Na'i Aupuni issued a press release announcing that "it would not be conducting a ratification vote on the proposed constitution produced by the recently completed 'aha." Press Release, Na'i Aupuni, Naʻi Aupuni Decides Not To Pursue Ratification Vote, (Mar. 16, 2016).[3] It also stated that "the 'aha participants . . . or a similarly broad-based group, would be the entity to best advance the ratification vote." *Id.* at 1. Counsel for Na'i Aupuni suggested that, "now that we cancelled the election and will not be conducting any ratification vote, Na'i Aupuni contends that the appeal is moot." *Id.* As its press release made clear, Na'i Aupuni was not declaring that a ratification referendum would not take place.

---

[2]   *See, e.g., Native Hawaiian Constitution Adopted*, Hawaii 24/7, available at http://www.hawaii247.com/2016/02/26/native-hawaiian-constitution-adopted/.

[3]   Available online at http://www.naiaupuni.org/docs/NewsRelease-NaiAupuniDecidesNoRatificationVote-031616.pdf.

3

Rather, it was expressing the view that another "entity" would hold that election.

On May 10, 2016, the Court of Appeals directed the parties to provide a status update regarding any ratification election or other relevant developments, and to address how any such developments affected the question of whether the appeal was moot.  In their responses to that order, Defendants indicated that Na'i Aupuni had filed articles of dissolution with the State of Hawaii on April 14, 2016.  *See, e.g.,* No. 15-17134, Dkt. Entry 107 at 3.

On August 29, 2016, the Court of Appeals dismissed Plaintiffs' appeal as moot:

> Before the district court, the plaintiffs focused their injunction request on the delegation election.  That election, however, has been cancelled . . . [T]he plaintiffs argue on appeal that the injunction should encompass a ratification vote on the draft constitution produced at the 'Aha.  Na'i Aupuni, however, has decided not to call a ratification vote.  No other ratification elections have been scheduled.  Further, Na'i Aupuni itself has dissolved . . . .

*Akina v. Hawaii*, No. 15-17134, 2016 U.S. App. LEXIS 15896 at *11-12 (9th Cir. Aug. 29, 2016).  The Court concluded that it could not "provide any effective relief sought in the preliminary injunction request." *Id.* at *12.

On September 23, 2016, the U.S. Department of the Interior (DOI) published their final Rule on procedures to establish a government-to-government relationship

4

with the Native Hawaiian community.[4]  The Rule establishes the administrative process for federal recognition, which includes a ratification referendum requirement for any Native Hawaiian governing document.

In this motion, Plaintiffs respectfully request that this action be dismissed without prejudice and without any further terms or conditions.

## ARGUMENT

FRCP Rule 41(a)(2) states in pertinent part: "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice."  The Court's order is reviewable only for an abuse of discretion.  5 Moore's Federal Practice ¶ 41.05(1), p. 41-58.

Motions to dismiss without prejudice are routinely granted so long as a party does not suffer "legal" or "substantial" prejudice.  *Hamilton v. Firestone Tire & Rubber Co., Inc.*, 679 F.2d 143, 145 (9th Cir. 1982) ( "In ruling on a motion for voluntary dismissal, the District Court must consider whether the defendant will suffer some plain legal prejudice as a result of the dismissal."); *RMD Concessions, L.L.C. v. Westfield Corp., Inc.*, 194 F.R.D. 241, 242 (E.D. Va. 2000) ("Voluntary dismissal under this Rule is favored, and a plaintiff's motion to dismiss pursuant to

---

[4] *See Federal government finalizes pathway for formal relations with Native Hawaiians*, Star-Advertiser, September 23, 2016, http://www.staradvertiser.com/2016/09/23/breaking-news/federal-government-finalizes-pathway-for-formal-relations-with-native-hawaiians/.

5

Rule 41(a)(2) 'should not be denied absent substantial prejudice to the defendant.'"); *United States v. Chu*, 172 F.R.D. 49, 51 (E.D.N.Y. 1997) ("Where the defendant has filed an answer and refused to stipulate to a voluntary dismissal without prejudice, the Court has the discretion to grant the plaintiff's motion upon such terms and conditions as it deems proper.  The presumption in this circuit is that such motions should be granted absent a showing of 'substantial prejudice.'") (citations omitted); *Romero v. Citibank USA, Nat. Ass'n*, 551 F.Supp.2d 1010, 1015 (E.D. Cal. 2008) ("A motion for voluntary dismissal under 41(a)(2) should be granted 'unless a defendant can show that it will suffer some plain legal prejudice as a result.'") (citations omitted).

The Ninth Circuit discussed "legal prejudice" in *Westlands Water District v. United States*, 100 F.3d 94 (9th Cir. 1996).  There, the Ninth Circuit reversed a lower court's denial of a motion to dismiss without prejudice, ruling that the grounds for denial did not constitute sufficient "legal prejudice."  The Court equated "legal prejudice" with the "loss of a federal forum, or the right to a jury trial, or a statute-of-limitations defense" or leaving a party "unable to conduct sufficient discovery to untangle complex fraud claims and adequately defend themselves."  100 F.3d, at 97.  "We conclude that legal prejudice is just that – prejudice to some legal interest, some legal claim, some legal argument. Uncertainty because a dispute remains unresolved is not legal prejudice." *Id*.

The Ninth Circuit in *Hamilton* explained that prejudice does not occur merely because defendant may face a possible future lawsuit:

> Plain legal prejudice, however, does not result simply when defendant faces the prospect of a second lawsuit or when plaintiff merely gains some tactical advantage.  [Citing *Durham v. Florida East Coast Railway Co.*, 385 F.2d 366, 368 (5th Cir. 1967) and 5 J. Moore, J. Lucas & J. Wicker, Moore's Federal Practice P 41.05(1), at 41-72 to -73 (2d ed. 1981).]
> * * *
> Further, it is clear that the mere inconvenience of defending another lawsuit does not constitute plain legal prejudice.  [Citing *Durham*, 385 F.2d at 368 and Moore's Federal Practice, *supra*.]

679 F.2d at 145.

Plaintiffs respectfully submit that the Court should dismiss the complaint.  Voluntary dismissal is favored, and none of the Defendants will suffer "legal" or "substantial" prejudice.  The dismissal, moreover, should be without prejudice.  In this case, as Na'i Aupuni more or less openly admitted in its press releases, the two challenged elections were only cancelled because Plaintiffs filed and prosecuted this lawsuit.  None of the Defendants have disavowed the project of creating a Native Hawaiian entity, or of using the disputed voter roll to do so.  In addition, the DOI's decision to finalize a regulation calling for a ratification vote as part of that same effort will increase the likelihood that such a vote will be attempted.  The Supreme Court's injunction, moreover, lapsed with the termination of the appeal in this matter.  There is no reason why Defendants could not hire another foundation to conduct a ratification vote the instant this case is dismissed.  *Cf. United States v. W.*

7

*T. Grant Co.*, 345 U.S. 629, 632 (1953) (voluntary cessation of illegal conduct does not render a case moot because "[t]he defendant is free to return to his old ways").

Finally, Plaintiffs respectfully submit that there should be no special conditions regarding costs or fees.  Certainly Plaintiffs should not be liable for costs or fees.  They are not moving for voluntary dismissal because their initial claims were ill-founded or unlikely to succeed.  To the contrary, it was Plaintiffs' success in obtaining preliminary relief that caused Defendants to voluntarily cancel the elections that Plaintiffs objected to.  Once judgment is entered, moreover, Plaintiffs intend to move for attorneys' fees as the prevailing party, under the authority of *Higher Taste, Inc. v. City of Tacoma*, 717 F.3d 712 (9th Cir. 2013), and the cases it cites.  Plaintiffs respectfully submit that the propriety any fee award should be litigated at that time.

Accordingly, Plaintiffs respectfully requests the Court grant this motion to dismiss the complaint, without prejudice and without other conditions, pursuant to Rule 41(a)(2).

DATED:  Honolulu, Hawaii, October 28, 2016.

/s/ Robert D. Popper
ROBERT D. POPPER
MICHAEL A. LILLY
LAUREN M. BURKE
CHRIS FEDELI
H. CHRISTOPHER COATES
Attorneys for Plaintiffs

8