IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KELI'I AKINA, et al.,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>THE STATE OF HAWAII, et al.,<br><br>　　　　　　Defendants. | Civ. No. 15-00322 JMS-RLP<br><br>ORDER GRANTING PLAINTIFFS' MOTION TO VOLUNTARILY DISMISS COMPLAINT, ECF NO. 141 |

## ORDER GRANTING PLAINTIFFS' MOTION TO VOLUNTARILY DISMISS COMPLAINT, ECF NO. 141

### I. INTRODUCTION

Plaintiffs Keli'i Akina, Kealii Makekau, Joseph Kent, Yoshimasa Sean Mitsui, Pedro Kana'i Gapero, and Melissa Leina'ala Moniz (collectively, "Plaintiffs") move pursuant to Federal Rule of Civil Procedure 41(a)(2) to voluntarily dismiss their Complaint without prejudice. ECF No. 141. Defendants the Akamai Foundation and Na'i Aupuni, and the State Defendants[1] (joined by the

---

[1] The State Defendants are the State of Hawaii; Governor David Y. Ige in his official capacity; John D. Waihe'e III, Chairman, Native Hawaiian Roll Commission, in his official capacity; Na'alehu Anthony, Lei Kihoi, Robin Danner, and Mahealani Wendt, Commissioners of the Native Hawaiian Roll Commission, in their official capacities; and Clyde W. Namuo, Executive Director, Native Hawaiian Roll Commission, in his official capacity.

Office of Hawaiian Affairs Defendants[2]) have each filed oppositions, arguing that dismissal should be with prejudice and/or dismissal should be conditioned on Plaintiffs' payment of fees and costs. ECF Nos. 143-45. The court decides the Motion without an oral hearing under Local Rule 7.2(d).

## II. BACKGROUND

The court need not set forth the procedural history of this case, which involved extensive proceedings on Plaintiffs' Motion for Preliminary Injunction and is detailed in several published decisions. *See Akina v. Hawaii*, 141 F. Supp. 3d 1106 (D. Haw. 2015) (denying motion for preliminary injunction); *Akina v. Hawaii*, 136 S. Ct. 581 (2015) (granting injunction in part); *Akina v. Hawaii*, 835 F.3d 1003 (9th Cir. 2016) (affirming in part and dismissing appeal as moot in part). What is important now, however, is that the subject election was cancelled, no related election or vote is pending, and Defendant Naʻi Aupuni has been dissolved. The court also takes judicial notice that Plaintiff Keliʻi Akina was recently elected

---

[2] The Office of Hawaiian Affairs Defendants are Robert K. Lindsey Jr., Chairperson, Board of Trustees, Office of Hawaiian Affairs, in his official capacity; Colette Y. Machado, Peter Apo, Haunani Apoliona, Rowena M.N. Akana, John D. Waiheʻe IV, Carmen Hulu Lindsey, Dan Ahuna, and Leinaʻala Ahu Isa, Trustees, Office of Hawaiian Affairs, in their official capacities; and Kamanaʻopono Crabbe, Chief Executive Officer, Office of Hawaiian Affairs, in his official capacity.

as an Office of Hawaiian Affairs Trustee, where such Trustees in their official capacities are Defendants in this action.[3]

Although the Motion does not ask the court to determine whether this suit is now moot (or is no longer ripe), the court agrees with the Ninth Circuit's reasoning when it dismissed Plaintiffs' interlocutory appeal:

> It is possible . . . that a different group of individuals who are not parties to this case will try to hold a ratification election with private and public funds.  No such vote, however, has been scheduled, and it is unclear what shape it would take.  Any opinion by this court at this juncture would amount to an impermissible advisory opinion that would, at most, guide any future ratification efforts.

835 F.3d at 1010-11.  In any event, regardless of mootness or ripeness, Plaintiffs seek to dismiss the action without prejudice under Rule 41.

## III. DISCUSSION

Rule 41(a)(2) provides, in pertinent part:

> (a) Voluntary Dismissal.
> . . . .
> (2) *By Court Order; Effect.*  Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . .  Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

---

[3] Without more, once Akina takes office, he will effectively be both a Plaintiff and a Defendant.  *See* Fed. R. Civ. P. 25(d) ("[A public] officer's successor is automatically substituted as a party.").

"A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 976 (9th Cir. 2001) (citations omitted). "'[L]egal prejudice' means 'prejudice to some legal interest, some legal claim, some legal argument.'" *Id.* (quoting *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996)). "'[U]ncertainty because a dispute remains unresolved' or because 'the threat of future litigation . . . causes uncertainty' does not result in plain legal prejudice." *Id.* (quoting *Westlands Water Dist.*, 100 F.3d at 96-97). "Also, plain legal prejudice does not result merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal." *Id.* (citing *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982)). Furthermore, "the expense incurred in defending against a lawsuit does not amount to legal prejudice." *Westlands Water Dist.*, 100 F.3d at 97.

The State and OHA Defendants do not oppose dismissal, but contend that dismissal should be with prejudice (not without), arguing that "Plaintiffs should not be permitted to resort to Rule 41 so they can refile their claims later. In light of the history of this case, it would be grossly inequitable and prejudicial to State Defendants to allow Plaintiffs to potentially refile this action in the future." State Defs.' Response at 4, ECF No. 144. Likewise, Defendants Naʻi Aupuni and

the Akamai Foundation contend that dismissal without prejudice is improper -- they seek fees and costs under Rule 41, reasoning in part that this is a "situation[] where the same suit will be refiled and will result in the imposition of duplicative expenses." Naʻi Aupuni Opp'n at 9, ECF No. 143 (citation and internal quotation marks omitted).

Defendants have not established "legal prejudice" under Rule 41(a)(2). *See, e.g.*, *Hamilton*, 679 F.2d at 145 ("Plain legal prejudice, however, does not result simply when defendant faces the prospect of a second lawsuit[.]"); *Westlands Water Dist.*, 100 F.3d at 97 ("Uncertainty because a dispute remains unresolved is not legal prejudice."). And there is no basis for dismissal with prejudice -- final judgment was not entered nor has there been an "adjudication on the merits." *See Semtek Int'l, Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001) ("Rule 41 . . . use[s] the phrase 'without prejudice' as a contrast to adjudication on the merits.") (quoting 18 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 4435 at 329 n.4 (1981)); *id.* ("'[W]ith prejudice' is an acceptable form of shorthand for 'an adjudication upon the merits.'") (quoting 9 Wright & Miller § 2373 at 396 n.4)). Any similar future challenge would necessarily be based on a *different* election or *new* set of facts. *See* Naʻi Aupuni Opp'n at 7 ("Simply put, the factual allegations that formed the basis for Plaintiffs'

claims are no longer sustainable as against [Naʻi Aupuni] and Akamai, and never will support such claims.").

The court also declines to award fees or costs to Defendants as a condition of dismissal under Rule 41(a)(2). *See, e.g.*, *Westlands Water Dist.*, 100 F.3d at 97 ("Imposition of costs and fees as a condition for dismissing without prejudice is not mandatory[.]"); *Legacy Mortg., Inc. v. Title Guar. Escrow Servs., Inc.*, 2013 WL 1991563, at *2 (D. Haw. May 10, 2013) ("District courts have broad discretion to impose an award of attorneys' fees as a condition for dismissing an action without prejudice."). Moreover, through all proceedings in this litigation, Defendants have gained detailed insight and knowledge of precise legal and factual issues that may arise in the future -- work product that can certainly be useful if a similar suit is filed later. *See Westlands Water Dist.*, 100 F.3d at 97 ("[D]efendants should only be awarded attorney fees [under Rule 41] for work which cannot be used in any future litigation of these claims.") (citations omitted); *Koch v. Hankins,* 8 F.3d 650, 652 (9th Cir. 1993) ("Only those costs incurred for the preparation of work product rendered useless by the dismissal should be awarded as a condition of the voluntary dismissal.").

///

///

///

## IV. **CONCLUSION**

Plaintiffs' Motion to Voluntarily Dismiss Complaint, ECF No. 141, is GRANTED.  This action is DISMISSED without prejudice under Federal Rule of Civil Procedure 41(a)(2).  The Clerk of Court shall close the case file.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, November 30, 2016.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Akina, et al. v. State of Hawaii, et al.*, Civ. No. 15-00322 JMS-RLP, Order Granting Plaintiffs' Motion to Voluntarily Dismiss Complaint, ECF No. 141