IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KEALII MAKEKAU, et al.,<br><br>                 Plaintiffs,<br><br>  vs.<br><br>THE STATE OF HAWAII, et al.,<br><br>                 Defendants. | Civ. No. 15-00322 JMS-RLP<br><br>ORDER OVERRULING OBJECTIONS, AND ADOPTING FINDINGS AND RECOMMENDATION TO DENY PLAINTIFFS' AMENDED MOTION FOR ATTORNEYS' FEES AND RELATED NON-TAXABLE EXPENSES |

**<u>ORDER OVERRULING OBJECTIONS AND ADOPTING FINDINGS AND RECOMMENDATION TO DENY PLAINTIFFS' AMENDED MOTION FOR ATTORNEYS' FEES AND RELATED NON-TAXABLE EXPENSES</u>**

**I. <u>INTRODUCTION</u>**

Plaintiffs[1] Kealii Makekau, Joseph Kent, Yoshimasa Sean Mitsui, Pedra Kanae Gapero, and Melissa Leinaala Moniz ("Plaintiffs") object under 28 U.S.C. § 636(b)(1) to Magistrate Judge Richard Puglisi's February 24, 2017 Findings and Recommendation to Deny Plaintiffs' Amended Motion for

---

[1] On March 15, 2017, Magistrate Judge Puglisi granted Plaintiffs' "Motion to Drop Plaintiff Kelii Akina Pursuant to Fed. R. Civ. P. 21," given Akina's intervening election as a Trustee of the Office of Hawaiian Affairs, where such Trustees are Defendants in their official capacities in this action. ECF No. 169. Accordingly, the caption no longer reflects Akina as the lead Plaintiff.

1

Attorneys' Fees and Related Non-Taxable Expenses Under L.R. Civ. 54.3" (the "February 24, 2017 Findings and Recommendation"). ECF No. 170.

After due consideration, and being intimately familiar with the extensive proceedings in this case, the court OVERRULES Plaintiffs' Objections and ADOPTS the February 24, 2017 Findings and Recommendation. The Amended Motion for Attorneys' Fees and Non-Taxable Expenses, ECF No. 152, is DENIED.

## II. **BACKGROUND**

The court need not reiterate this case's full history and background, which is detailed in several published decisions. *See Akina v. Hawaii*, 141 F. Supp. 3d 1106 (D. Haw. 2015) (denying motion for preliminary injunction); *Akina v. Hawaii*, 136 S. Ct. 581 (2015) (granting stay pending final disposition of the appeal then-pending before the Ninth Circuit) (mem.); *Akina v. Hawaii*, 835 F.3d 1003 (9th Cir. 2016) (affirming in part and dismissing appeal as moot in part). And the February 24, 2017 Findings and Recommendation further describes the procedural history, which this court adopts as modified as follows.

This action arises from Native Hawaiian self-governance efforts. As part of those efforts, Defendant Naʻi Aupuni was planning an election of delegates to a proposed constitutional convention to discuss, and possibly organize, a Native Hawaiian governing entity. The voters in this election were based on a "Roll" of

"qualified Native Hawaiians" as set forth in Act 195, 2011 Haw. Sess. Law, as amended. Prospective registrants to the Roll were asked to make three declarations related to Native Hawaiian sovereignty, their connection to the Native Hawaiian community, and their Native Hawaiian ancestry. The delegate election was scheduled for November 1 through November 30, 2015. The elected delegates would then attend a constitutional convention to discuss forming a government and possibly to draft a constitution. Any proposed constitution would then be subject to a ratification vote by qualified Native Hawaiians listed on the Roll.

Plaintiffs filed this suit on August 13, 2015, alleging that the restrictions on registering for the Roll, and the election process, violated the United States Constitution and the Voting Rights Act of 1965. *See* ECF No. 1. Plaintiffs named as Defendants the State of Hawaii; the Governor in his official capacity; the Trustees and Chair of the Office of Hawaiian Affairs, in their official capacities; the Commissioners, Chair, and Executive Director of the Native Hawaiian Roll Commission, in their official capacities; Naʻi Aupuni; and the Akamai Foundation, a non-profit organization that was a party to an agreement that provided funds for Naʻi Aupuni's efforts. Plaintiffs sought to enjoin Defendants "from requiring prospective applicants for any voter roll to confirm Declaration One, Declaration Two, or Declaration Three, or to verify their ancestry" and to enjoin "the use of the

3

Roll that has been developed using these procedures, and the calling, holding, or certifying of any election utilizing the Roll." *Id.* at 32.

Approximately two weeks after filing the Complaint, Plaintiffs moved for a preliminary injunction preventing Defendants "from undertaking certain voter registration activities and from calling or holding racially-exclusive elections for Native Hawaiians." *See* ECF No. 47, Mot. at 3. This court denied Plaintiff's motion for preliminary injunction on October 23, 2015 (followed by a written order on October 29, 2015), concluding that Plaintiffs had not met their burden of demonstrating that excluding them from the election was unconstitutional or would otherwise violate federal law. ECF Nos. 103, 114. The primary basis for denying relief was a lack of state action -- the subject election was not a public election. *Akina*, 141 F. Supp. 3d at 1126-29. Na'i Aupuni proceeded with the election of delegates by mailing ballots to certified Native Hawaiians on November 1, 2015. *See* ECF No. 157 at 11. The deadline to vote was November 30, 2015. *Id.*

Plaintiffs appealed the court's order denying a preliminary injunction to the Ninth Circuit, and filed an "Urgent Motion for an Injunction While Appeal is Pending." ECF Nos. 122, 173-2. The Ninth Circuit denied that motion on November 19, 2015. ECF No. 122. On November 23, 2015 -- three days before the Thanksgiving holiday -- Plaintiffs filed with the U.S. Supreme Court an Emergency Application for Injunction Pending Appellate Review. ECF No. 170-2.

After Defendants filed an Opposition on November 25, 2015, Supreme Court Justice Anthony Kennedy issued an order on November 27, 2015 (the day after Thanksgiving) that enjoined the counting of ballots and certification of winners "pending further order" of the court. *See Akina v. Hawaii*, 2015 WL 7691943 (Nov. 27, 2015). This was three days before voting in the delegate election was to end. On December 2, 2015, a five-Justice majority of the Supreme Court issued an order (the "December 2, 2015 order") which read in full:

> [The] [a]pplication for injunction pending appellate review presented to Justice Kennedy and by him referred to the Court [is] granted. Respondents are enjoined from counting ballots cast in, and certifying winners of, the election described in the application, pending final disposition of the appeal by the United States Court of Appeals for the Ninth Circuit.
> Justice Ginsburg, Justice Breyer, Justice Sotomayor, and Justice Kagan would deny the application.

A*kina*, 136 S. Ct. at 581; *see also* ECF No. 171-6 (original order).

Two weeks after the Supreme Court's order, Naʻi Aupuni cancelled the delegate election, which had been extended in the interim. *See Akina*, 835 F.3d at 1009. Instead of holding the delegate election, Naʻi Aupuni offered all delegate candidates "a seat as a delegate" to the convention "to learn about, discuss and hopefully reach a consensus on a process to achieve self-governance." *Id.* Plaintiffs responded by filing a motion for civil contempt in the Supreme Court, arguing that Naʻi Aupuni's actions essentially declared all the candidates winners

5

and violated the Supreme Court's injunction pending appeal. *See* ECF No. 157-5. In particular, Plaintiff asked the Supreme Court (1) to instruct Defendants "to withdraw the December 15, 2015 certification of the delegates and cease and desist in any effort to send delegates to the convention," ECF No. 173-6 at 21-22; (2) require Defendants "to judicially preclear any further steps they seek to take with regard to selection of delegates or holding of the convention while the Temporary Injunction remains in force," *id.* at 22; and (3) "award to [Plaintiffs] the attorney's fees and costs incurred in bringing this Motion." *Id.* at 23. The Supreme Court denied Plaintiff's contempt motion. ECF No. 173-7, *Akina v. Hawaii*, 136 S. Ct. 922 (2015) (mem.).

The convention took place in February 2016, resulting in a proposed constitution for a Native Hawaiian government. *Akina*, 835 F.3d at 1009. Naʻi Aupuni decided not to fund a ratification vote and returned the remaining grant funds allocated for the ratification. *Id.* In April 2016, Naʻi Aupuni dissolved as an entity. *Id.*; ECF No. 173-8.

On August 29, 2016, the Ninth Circuit issued an Opinion dismissing as moot Plaintiffs' interlocutory appeal of this court's order denying Plaintiffs' motion for a preliminary injunction. *Akina*, 835 F.3d at 1011. In determining that Plaintiffs' appeal was moot, the Ninth Circuit focused on the fact that the delegate

6

election had been cancelled, no ratification vote was scheduled, and Naʻi Aupuni had dissolved as a non-profit corporation. *Id.* On November 30, 2016, this court granted Plaintiffs' motion to voluntarily dismiss this action without prejudice, and declined to award fees or costs as a condition of dismissal. ECF No. 146.

Thereafter, on January 17, 2017, Plaintiffs filed the present Amended Motion for Attorney Fees and Related Non-Taxable Expenses. ECF No. 152. Magistrate Judge Puglisi issued the February 24, 2017 Findings and Recommendation, recommending that the Amended Motion be denied. ECF No. 165. On March 24, 2017 Plaintiffs filed objections to the February 24, 2017 Findings and Recommendation, ECF No. 170, and Defendants filed their Responses on April 7, 2017. ECF Nos. 171-73.

### III. **STANDARD OF REVIEW**

When a party objects to a magistrate judge's findings or recommendations, the district court must review de novo those portions to which the objections are made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673 (1980); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise.").

Under a de novo standard, this court reviews "the matter anew, the same as if it had not been heard before, and as if no decision previously had been rendered." *Freeman v. DirecTV, Inc.*, 457 F.3d 1001, 1004 (9th Cir. 2006); *United States v. Silverman*, 861 F.2d 571, 576 (9th Cir. 1988). The district court need not hold a de novo hearing; however, it is the court's obligation to arrive at its own independent conclusion about those portions of the magistrate judge's findings or recommendation to which a party objects. *United States v. Remsing*, 874 F.2d 614, 618 (9th Cir. 1989).

## IV. **DISCUSSION**

Plaintiffs lost at almost every juncture of this action. This court denied Plaintiffs' Motion for Preliminary Injunction on October 23, 2015, ECF No. 103 (oral ruling), and on October 29, 2015, ECF No. 114 (written Order). The Ninth Circuit denied Plaintiffs' emergency motion seeking an injunction pending appeal on November 19, 2015. ECF No. 122. The Supreme Court denied Plaintiffs' motion for civil contempt on January 19, 2016. ECF No. 173-7. The Ninth Circuit ultimately dismissed Plaintiffs' appeal on August 29, 2016. ECF No. 136. And this court granted Plaintiffs' Motion to Voluntarily Dismiss Complaint pursuant to Federal Rule of Civil Procedure 41(a)(2) on November 30, 2016. ECF No. 146.

Plaintiffs contend, however, that they are "prevailing parties" for purposes of entitlement to attorney's fees under 42 U.S.C. § 1988(b) because they obtained the December 2, 2015 order from the United States Supreme Court -- an order granting preliminary relief that preserved the status quo.[2] ECF No. 123. As set forth above, the Supreme Court enjoined Defendants "from counting ballots cast in, and certifying winners of, the election described in the application, pending final disposition of the appeal by the United States Court of Appeals for the Ninth Circuit." *Akina*, 136 S. Ct. at 581. Read in context, the order simply limited irreparable harm that might come from a private election that was alleged to be unconstitutional, until a final decision on the merits by the Ninth Circuit as to Plaintiffs' then-pending Ninth Circuit appeal.[3]

But "virtually every circuit court to consider the question has concluded that a preliminary injunction granting temporary relief that merely maintains the status quo does not confer prevailing party status." *N. Cheyenne*

---

[2] Section 1988(b) provides in pertinent part that "[i]n any action or proceeding to enforce a provision of [42 U.S.C. § 1983] . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs[.]"

[3] Indeed, Plaintiffs made this very argument to the Supreme Court. *See* ECF No. 173-3 at 11 (arguing that "Injunctive relief under the All Writs Act is necessary to prevent irreparable harm to Applicants during the appellate process, and to preserve this Court's jurisdiction regarding the issues raised in this case"); *id.* at 35 ("The Court may issue a writ to maintain the status quo and take action 'in aid of the appellate jurisdiction which might otherwise be defeated.'") (citation omitted).

*Tribe v. Jackson*, 433 F.3d 1083, 1086 (8th Cir. 2006) (*citing Thomas v. Nat'l Sci. Found.,* 330 F.3d 486, 493 (D.C. Cir. 2003); *John T. Ex Rel. Paul T. v. Delaware Cty.,* 318 F.3d 545, 558-59 (3rd Cir. 2003); *Dubuc v. Green Oak Twp.*, 312 F.3d 736, 753-54 (6th Cir. 2002); *Race v. Toledo-Davila,* 291 F.3d 857, 858 (1st Cir. 2002); and *Smyth v. Rivero,* 282 F.3d 268, 276-77 (4th Cir. 2002)). "Some initial injunctions, sometimes called stay-put or status quo injunctions, turn more on the grave risks of irreparable harm to one party or to the public interest than on the legal virtues of the parties' positions." *McQueary v. Conway*, 614 F.3d 591, 600 (6th Cir. 2010) (citation omitted).

For example, *LaRouche v. Kezer*, 20 F.3d 68 (2d Cir. 1994), concluded that a party obtaining an injunction pending appeal was not a prevailing party for purposes of § 1988(b) where there was no indication that such provisional relief was based on the merits of the underlying claims. *Id.* at 75. *LaRouche* reasoned in part that "a grant of provisional relief that merely preserves the status quo does not constitute final relief on the merits," *id.* at 74, and reiterated that "the procurement of a TRO in which the court does not address the merits of the case but simply preserves the status quo to avoid irreparable harm to the plaintiff is not by itself sufficient to give a plaintiff prevailing party status." *Id.* (quoting *Christopher P. v. Marcus*, 915 F.2d 794, 805 (2d Cir. 1990)). Ninth Circuit authority, although not directly on point, is consistent with this principle. *See, e.g.*,

*LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1161 (9th Cir. 2000) (finding that an organization that obtained a TRO was a prevailing party because "[i]t is clear that the TRO in this case did more than preserve the status quo"); *Friedman v. State of Ariz.*, 912 F.2d 328, 333 (9th Cir. 1990) ("Although [appellant] prevailed on the injunction pending appeal, he is not the prevailing party on the merits[.]"), *superseded by statue on other grounds, as recognized in Warsoldier v. Woodford*, 418 F.3d 989, 997 (9th Cir. 2005).

Here, nothing on the face of the Supreme Court's December 2, 2015 one-paragraph order indicates it was based, even in part, on the merits of the underlying claims. *See LaRouche*, 20 F.3d at 75 ("Although the stay panel could have granted the injunction pending appeal based on a determination as to the merits, there is no indication that it did so."). As *Larouche* reasoned, "[a]n injunction pending appeal that is not clearly based on the merits merely heightens the confusion. As a general matter, a court should not resolve the uncertainty in favor of a finding that plaintiff prevailed." *Id.* (citations omitted). *See also Dearmore v. City of Garland*, 519 F.3d 517, 524 (5th Cir. 2008) (requiring "an unambiguous indication of probable success on the merits" to qualify as a prevailing party).

Further, the timing -- where the emergency motion was being considered over the Thanksgiving holiday only three days before voting was to end
11

-- is also a factor indicating that the stay was not sufficiently "on the merits." The circumstances suggest, instead, that the Supreme Court was acting to prevent irreparable harm based on an allegedly unconstitutional election. Although this court certainly believes that the Supreme Court thoroughly reviewed the filings submitted on the emergency motion, the December 2, 2015 order simply does not indicate it was based on any assessment of the merits. Indeed, the order left the merits to the Ninth Circuit in its then-pending appeal. *See Dupuy v. Samuels*, 423 F.3d 714, 722 (7th Cir. 2005) (concluding that a fee award was premature where further proceedings on the merits were clearly contemplated).

In contrast, Plaintiffs' contempt motion *did* seek relief on the merits -- (1) a "withdrawal" of Na'i Aupuni's December 15, 2015 certification of delegates and a halt to "any effort to send delegates to the convention," (2) "preclearance" of "any further steps . . . with regard to selection of delegates or holding of the convention," and (3) an award of attorney's fees and costs incurred in bringing its contempt motion. ECF No. 173-6 at 21-23. And when squarely presented with the merits of Defendants' ongoing activities, the Supreme Court summarily denied that request.

In any event, even assuming that the Supreme Court's December 2, 2015 order did more than merely maintain the status quo, Plaintiffs otherwise fail to prove they are entitled to fees and costs under § 1988(b). As the February 24,

2017 Findings and Recommendation correctly analyzed, Plaintiffs fail to meet the test set forth in *Higher Taste, Inc. v. City of Tacoma*, 717 F.3d 712 (9th Cir. 2013), which analyzed a situation where a plaintiff "wins a preliminary injunction but does not litigate the case to final judgment," *id.* at 716, such as where a case is rendered moot before final judgment. *Id.* at 717. *Higher Taste* describes the test as follows:

> [T]wo recurrent questions arise when making prevailing-party determinations in this context: First, is the court's preliminary injunction ruling sufficiently "on the merits" to satisfy [*Buckhannon Board and Care Home, Inc. v. West Virginia Department of Health and Human Resources*, 532 U.S. 598 (2001)'s] "judicial imprimatur" requirement? And second, has the plaintiff obtained relief sufficiently enduring to satisfy the "material alteration of the parties' legal relationship" requirement?

*Id.* at 716.[4]

Applying *Higher Taste*, the court agrees with the February 24, 2017 Findings and Recommendation that the December 2, 2015 order was not sufficiently on the merits to satisfy the "judicial imprimatur" requirement, and that

---

[4] *Higher Taste* reiterated that "[a] plaintiff 'prevails' for purposes of § 1988 'when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff.'" 717 F.3d at 715 (quoting *Farrar v. Hobby,* 506 U.S. 103, 111-12 (1992)). In turn "[r]elief 'on the merits' occurs when the material alteration of the parties' legal relationship is accompanied by 'judicial *imprimatur* on the change.'" *Id.* (quoting *Buckhannon*, 532 U.S. at 605).

even if it was, Plaintiffs did not obtain "relief sufficiently enduring" to satisfy the "material alteration of the parties' legal relationship" requirement.

Again, the December 2, 2015 order did not mention the merits, and the timing of the order strongly suggests its purpose was to prevent irreparable harm, should a court subsequently find Defendants' actions to be unconstitutional. Although the December 2, 2015 order appears to have been based on the All Writs Act -- leading to Plaintiffs' argument that the Supreme Court rarely issues such orders in this context and must have found the legal rights at issue to have been "indisputably clear" -- the order does not recite this standard, nor make mention of any legal rights. And the Court can issue injunctions pending appeal under the All Writs Act that are not "on the merits." *See Wheaton Coll. v. Burwell*, 134 S. Ct. 2806, 2807 (2014) (granting stay while expressly withholding views on the merits); *Little Sisters of the Poor Home for the Aged v. Sebelius*, 134 S. Ct. 1022 (2014) (same); *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1100-01 (11th Cir. 2004).

Further, the relief obtained -- preventing the counting of the ballots cast, and the certification of the winners -- was "ephemeral" and not an "enduring" change in the parties' relationship. *See Higher Taste*, 717 F.3d at 717. Nothing with the December 2, 2015 order compels the remaining Defendants (i.e., besides the now-dissolved Na'i Aupuni, and Akamai Foundation) from using the Roll for

14

self-determination efforts, or from conducting a different private election.  And nothing requires Defendants to make any modifications to the Roll, or to include all Hawaii citizens in the process.  Rather, the action has been dismissed without prejudice, and presumably such actions of Defendant could be challenged in the future.  *See Cadkin v. Loose*, 569 F.3d 1142, 1148 (9th Cir. 2009) ("Because 'a dismissal without prejudice is not a decision on the merits' and plaintiff was free to re-file his complaint in federal court, 'dismissal without prejudice does not alter the legal relationship of the parties [for purposes of the prevailing-party inquiry] because the defendant remains subject to the risk of re-filing.'") (quoting *Oscar v. Alaska Dep't of Educ. & Early Dev.*, 541 F.3d 978, 981 (9th Cir. 2008)).  In short, there has been no enduring material alteration of the legal relationship between the parties.

Finally, although Na'i Aupuni voluntarily cancelled the delegate election, nothing obtained by Plaintiffs specifically prevented the subsequent convention.  At best, Plaintiffs' suit and the December 2, 2015 order was a "catalyst" for change by Defendants, but such a "catalyst" theory of prevailing-party status was abrogated in *Buckhannon* for federal fee-shifting statutes.  *See* 523 U.S. at 610.

///

///

## V.  CONCLUSION

Plaintiffs' objections are OVERRULED.  The court ADOPTS the February 24, 2017 Findings and Recommendation to Deny Plaintiffs' Amended Motion for Attorneys' Fees and Related Non-taxable Expenses Under L.R. Civ. 54.3.  ECF No. 165.  The Amended Motion, ECF No. 152, is DENIED.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, June 6, 2017.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Akina, et al. v. State of Hawaii, et al.*, Civ. No. 15-00322 JMS-RLP, Order Overruling Objections, And Adopting Findings And Recommendation To Deny Plaintiffs' Amended Motion For Attorneys' Fees And Related Non-Taxable Expenses